No. 23-70179

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

In re BEN TOMA, Speaker of the Arizona House of Representatives, in his official Capacity; WARREN PETERSEN, President of the Arizona Senate, in his official capacity.

BEN TOMA, Speaker of the Arizona House of Representatives, in his official Capacity; WARREN PETERSEN, President of the Arizona Senate, in his official capacity,

Intervenor-Defendants-Petitioners,

v.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA, PHOENIX,

Respondent,

MI FAMILIA VOTA; et al.,

Real Parties in Interest.

On Petition for a Writ of Mandamus to the United States District Court, District of Arizona-Phoenix
Case No. 2:22-CV-00509-SRB

**REPLY IN SUPPORT OF EMERGENCY MOTION FOR STAY OF DISCOVERY ORDER**

Kevin E. O'Malley (Bar No. 006420)
Hannah H. Porter (Bar No. 029842)

Mark C. Dangerfield (Bar No. 010832)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000
kevin.omalley@gknet.com
hannah.porter@gknet.com
mark.dangerfield@gknet.com
*Counsel for Petitioners*

2

The Legislators' petition for writ of mandamus presents a pure question of law: whether the Legislators' intervention in their official capacities pursuant to state statute authorizing such intervention waived their legislative privilege such that they should be forced to testify regarding their "personal perspectives on the Voting Laws' legislative process" (Doc. 535), testimony that has repeatedly been found irrelevant in determining collective legislative intent. The non-U.S. Plaintiffs' Opposition avoids this substantial body of case law and ignores Ninth Circuit and Supreme Court cases barring such depositions even in extraordinary cases. Given that the Legislators have not relied on privileged information in their defense, which is, in any event, irrelevant to the legislature's intent as a whole, a short stay pending decision on the Legislators' petition is warranted.[1]

**I.  The Disclosure of Privileged, Irrelevant Information at a Deposition Constitutes Irreparable Harm and Merits Mandamus Relief.**

The Non-U.S. Plaintiffs' reliance upon *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009) to argue there is no irreparable harm is misplaced.

First, *Mohawk* addressed only the attorney-client privilege and declined to express any view regarding governmental privileges. *Id.* at 113 n. 4. The legislative privilege raises concerns about legislative independence and federalism not applicable to the attorney-client privilege. *See, e.g., United States v. Gillock*, 445

---

[1] In contravention of the applicable rules, the Opposition is more than 5,200 words and exceeds 20 pages. *See* Fed. R. App. P. 27(d)(2) and Circuit Rule 27-1(d).

U.S. 360, 372 (1980) (noting that "*Tenney* reflects this Court's sensitivity to interference with the functioning of state legislators"); *Am. Trucking Ass'ns, Inc. v. Alviti,* 14 F.4th 76, 85 (1st Cir. 2021) (granting advisory writ of mandamus to bar depositions of former governor, former speaker, and former legislator, noting that the discovery order "raises important questions about the appropriate balance of power between the states and the federal government").

As the Supreme Court has several times had occasion to reiterate, "judicial inquiries into legislative or executive motivation represent a substantial intrusion into the workings of other branches of government," and are "usually to be avoided." *Village of Arlington Heights v. Metropolitan Housing Authority,* 429 U.S. 252, 268 n. 18 (1977). The Ninth Circuit has "likewise concluded that plaintiffs are generally barred from deposing local legislators, *even in* 'extraordinary circumstances.'" *Lee v. City of Los Angeles,* 908 F.3d 1175, 1187-88 (9th Cir. 2018) (emphasis added) (affirming order barring depositions subject to the legislative privilege).

Moreover, *Mohawk* recognized that privilege rulings may harm a party in "ways that are 'only imperfectly reparable.'" *Id.* at 112. Accordingly, *Mohawk* supported the use of a writ of mandamus in appropriate circumstances such as "when a disclosure order amounts to a judicial usurpation of power or a clear abuse of discretion or otherwise works a manifest injustice." *Id.* at 111 (citation omitted); *cf. In re North Dakota Legislative Assembly*, 70 F.4th 460, 462 (8th Cir. 2023)

4

("Mandamus is an appropriate remedy where a claim of privilege is erroneously rejected during discovery, because the party claiming privilege has no other adequate means to attain relief, and the enforcement of the discovery order would destroy the privilege."). The Legislators have shown in their petition for writ of mandamus that the writ is warranted, especially considering the federalism concerns applicable to the legislative privilege.

Furthermore, after *Mohawk*, the Ninth Circuit has continued to recognize the irreparable harm that arises from disclosure of privileged material. *See Perry v. Schwarzenegger,* 591 F.3d 1147, 1158 (9th Cir. 2010); *Hernandez v. Tanninen,* 604 F.3d 1095, 1101 (9th Cir. 2010); *cf. In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 761 (D.C. Cir. 2014) (noting that "*Mohawk* explicitly preserved mandamus review in some cases" involving the attorney-client privilege and holding that "the first condition for mandamus—no other adequate means to obtain relief—will often be satisfied in attorney-client privilege cases").

As noted in the Motion, if a stay is not granted, the Legislators must either submit to improper depositions or refuse and expose themselves to potential sanctions and contempt charges. That a contempt or sanctions order could potentially be appealed post-judgment does not argue against a short stay pending this Court's decision on the Petition. *Cf. Alviti*, 14 F.4th at 85 (recognizing that "the ordinary course of perfecting an appeal by incurring a contempt order is sometimes less

5

readily available to state actors than to private parties") (internal citation omitted). Does the Court really want to encourage state officials to ignore federal court orders in order to seek relief?[2]

The harm arising from the district court's order is not self-inflicted. The district court ordered the Legislators to sit for depositions over the Legislators' objections. The Legislators' choice to intervene does not make the district court's erroneous discovery order a "self-inflicted" harm.

## II. The Legislators Are Likely to Succeed on the Merits of their Petition.

The Legislators' Petition for Writ of Mandamus discusses the five *Bauman* factors and establishes why the Legislators are likely to prevail in showing that mandamus is warranted. The Opposition does not persuasively argue otherwise.

### A. The Legislators Did Not Waive the Legislative Privilege.

The district court clearly erred in holding that the Legislators waived their legislative privilege by intervening in their official capacity pursuant to state law.

Non-U.S. Plaintiffs rely upon *Powell v. Ridge*, 247 F.3d 520, 525 (3d Cir. 2001), arguing that it is the "most pertinent precedent." Dkt. 4-1 at 9. But a Third Circuit case is not precedent in this Circuit. In any event, *Powell* involved defendants who intervened in their personal capacity (as opposed to their official capacity

---

[2] Regardless, Non-U.S. Plaintiffs have threatened to seek sanctions against the Legislators *if* a stay is issued. *See* Doc. 544 at 12 n. 2 ("Should a stay be granted, plaintiffs anticipate asking this Court to impose sanctions on the legislators . . . .").

pursuant to state statute) and sought to "seek discovery, but not respond to it; take depositions, but not be deposed; and *testify at trial, but not be cross-examined*." 247 F.3d at 525 (emphasis added). Those are not the facts of this case.

Critically, the Legislators' defense to the non-U.S. Plaintiffs' intent claims rests entirely on the publicly available legislative history documents. Because the Legislators have not affirmatively used any privileged information to support their defense, Plaintiffs have not suffered any prejudice. They have the same information to support their claims as they did before the Legislators' intervention. Indeed, Plaintiffs cited to the publicly available legislative history in their complaints. *E.g.* Case 2:22-cv-01602-SRB, Doc. 1 ¶ 40.

Moreover, "denying [in their answers to the complaints] Plaintiffs' allegations that the *Arizona Legislature* enacted the Voting Laws with discriminatory intent," Doc. 535 at 3:24-27 (emphasis added)), did not put Toma and Petersen's *personal* motives at issue. Plaintiffs fail to show otherwise.

Indeed, the Opposition does not address any of the many cases cited by Legislators warning against inquiring into legislative motives. As the Supreme Court stated in *Tenney v. Brandhove,* 341 U.S. 367, 377 (1951): it is "not consonant with our scheme of government for a court to inquire into the motives of legislators." *See also City of Las Vegas v. Foley,* 747 F.2d 1294, 1297 (9th Cir. 1984).

Nor does the Opposition explain how testimony from Toma or Petersen would be relevant to the legislature's collective motive. *See Va. Uranium, Inc. v. Warren*, \_\_\_ U.S. \_\_\_, 139 S. Ct. 1894, 1907-08 (2019) (plurality opinion); *Foley*, 747 F.2d at 1297. The Opposition does not offer a single case that has found the intention of the legislature as a whole by virtue of testimony of one or more legislators.

Because there has been no use of privileged information or unfairness to Plaintiffs, the Court's order is contrary to the principles of implied waiver. *See Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995). That no Ninth Circuit decision has found an implied waiver under similar circumstances supports the need for a writ of mandamus. *See Perry*, 591 F.3d at 1158.

The Non-U.S. Plaintiffs' citation to *In re North Dakota Legislative Assembly*, (Dkt. 4-1) omits crucial details. The Eighth Circuit declined mandamus over whether a legislator had "waived his legislative privilege by testifying at a preliminary injunction hearing in another case concerning redistricting legislation," because the legislator "declined" to challenge this independent ground for issuance of the subpoena. 70 F.4th at 465. Obviously, that did not happen here. Non-U.S. Plaintiffs give short shrift to the main opinion, in which the Eighth Circuit issued a writ of mandamus to vacate a discovery order allowing for the production of information protected by the legislative privilege, citing the "ordinary rule that inquiry into legislative conduct is strictly barred by the privilege." *Id.* at 464-65.

8

The Non-U.S. Plaintiffs also brush aside the fact that the Legislators intervened in their official capacities pursuant to A.R.S. § 12-1841. But the Supreme Court has emphasized that "[p]ermitting the participation of lawfully authorized state agents promotes informed federal-court decisionmaking and avoids the risk of setting aside duly enacted state law based on an incomplete understanding of relevant state interests." *Berger v. N. Carolina State Conf. of the NAACP*, 142 S. Ct. 2191, 2202 (2022).

Indeed, after a change in administration, the Attorney General's office changed its position on material issues and conceded on summary judgment that portions of the challenged statutes were preempted by federal law. *See* Doc. 364 at 2-4. The Legislators' interests in defending state law necessarily cannot be fully served by relying on other defendants to choose to appeal an adverse judgment. Furthermore, no one suggests that that Arizona Attorney General would waive her executive deliberative process privilege by intervening under A.R.S. § 12-1841.

### B. The Court Erred in Finding that the Information Sought Is Relevant to Plaintiffs' Claims Regarding Legislative Intent.

In their response, non-U.S. Plaintiffs assert that the Arizona legislature's intent "is unquestionably relevant." Dkt. 4-1 at 14. But the subjective intent of two legislators hardly equals the Arizona legislature's intent. To the contrary, their subjective intent cannot be imputed to the legislature as a whole.

Far from any waiver of this argument, the Legislators have consistently asserted that no single legislator's motive is relevant to this case, and they do not intend to offer testimony as to the legislature's collective intent. *See* Doc. 499 at 6 (explaining in NUI response that the Legislators could not answer interrogatory "on behalf of the Arizona Legislature as a whole or on behalf of any other legislator"); *id.* at 10-11 (citing the plurality opinion in *Va. Uranium, Inc.*); Doc. 500-1, Ex. C at p. 50 ("The Speaker and the President do not believe that any single legislator's motive for his or her votes on the challenged bills is relevant to this case. . . . What is relevant is the legislature's collective purpose in passing the laws . . . .").

Plaintiffs have not offered a single case that bases collective legislative intent on the testimony of one or two legislators. Because that testimony cannot prove collective intent, the district court erred in allowing Plaintiffs to depose the Legislators about their personal motives.

### C. The Court Did Not Address the Newly-Raised Argument Regarding the Five-Factor Balancing Test.

The district court declined to reach non-U.S. Plaintiffs' argument regarding application of a five-factor balancing test with respect to the legislative privilege and did not decide whether that argument was timely raised (since it had not been raised during the meet and confer discussions or in describing the issues to the court for briefing). *See* Doc. 535 at 5 n. 1; *see also* Doc. 506 (asking for leave to respond to Plaintiffs' simultaneous brief "to the extent that the Court will consider" the newly-

10

raised argument); Doc. 517 (denying motion for leave to respond). Clearly, under these circumstances, the Legislators did not waive any argument.

In any event, neither the Ninth Circuit nor the Supreme Court have approved the use of the five-factor balancing test cited by non-U.S. Plaintiffs. Rather, this Court, following *Arlington Heights*, has "likewise concluded that plaintiffs are generally barred from deposing local legislators, even in 'extraordinary circumstances.'" *Lee,* 908 F.3d at 1187-88. Other recent circuit decisions have not applied a five-factor balancing test. *See In re North Dakota Legislative Assembly*, 70 F.4th at 464-65; *La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228, 238-39 (5th Cir. 2023) (holding case did not present "extraordinary circumstances").

Moreover, the Legislators have shown the lack of relevance of the discovery sought, the availability of other evidence regarding intent (including the Legislators' production of over 91,000 pages and the publicly available legislative history, such as agendas, minutes, and videos of legislative proceedings), and discussed the purposes behind the legislative privilege. Non-U.S. Plaintiffs fail to demonstrate that under Ninth Circuit and Supreme Court precedent, invasion of the legislative privilege is merited in this case.

### III. The Other Factors Support a Stay Pending Decision on the Petition.

Non-U.S. Plaintiffs' alleged claims of harm will not come to pass if this Court issues its decision on the Petition before the trial begins on November 6, 2023. If a

11

stay is issued, we are confident that the motions panel considering the Petition would understand the exigencies presented here.[3]

The public interest, including the federalism concerns highlighted above and the purposes for the legislative privilege, also support the stay. The chilling effect of the district court's order upon future intervention pursuant to state statute is self-apparent. Indeed, non-U.S. Plaintiffs suggest that future legislative leaders should avoid application of the district court's erroneous implied waiver analysis "by simply not intervening in litigation" and denying plaintiffs' claims, Dkt. 4-1 at 28, in other words, not defending the laws passed by the Arizona legislature.

## CONCLUSION

We ask the Court to issue an immediate emergency stay of the district court's discovery order (Doc. 535) pending this Court's resolution of the Legislators' Petition for Writ of Mandamus.

Dated: October 5, 2023

---

[3] Absurdly, non-U.S. Plaintiffs argue that the Legislators should not have asked for a ruling on the motion to stay by October 10, even though Plaintiffs refused to reschedule the noticed depositions until the same day they filed their Opposition, as well as the upcoming trial. Their other aspersions regarding delay, such as an agreed-upon extension months ago or the fact that the Legislators intervened after the change in administration (Dkt. 4-1 at 7), are unavailing.

**GALLAGHER & KENNEDY, P.A.**

By: */s/ Hannah H. Porter*
    Kevin E. O'Malley
    Hannah H. Porter
    Mark C. Dangerfield
    GALLAGHER & KENNEDY, P.A.
    2575 East Camelback Road
    Phoenix, Arizona 85016-9225
    Attorneys for Petitioners

## CERTIFICATE OF COMPLIANCE

This motion complies with the length requirements of Fed. R. App. P. 27(d), because, excluding the parts of the document exempted by Fed. R. App. P. 21(a)(2)(C) and Fed. R. App. P. 32(f), it contains 2,379 words and it does not exceed 10 pages pursuant to 9th Circuit Rule 27-1(1)(d).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Times New Roman 14-point font.

Dated: October 5, 2023

                                        GALLAGHER & KENNEDY, P.A.

                                        By: */s/ Hannah H. Porter*
                                             Kevin E. O'Malley
                                             Hannah H. Porter
                                             Mark C. Dangerfield
                                             GALLAGHER & KENNEDY, P.A.
                                             2575 East Camelback Road
                                             Phoenix, Arizona 85016-9225
                                             *Attorneys for Petitioners*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this motion with the clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on October 5, 2023. I also certify that certain participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

In addition, a copy of the motion has been emailed to counsel.

Dated: October 5, 2023

                                      GALLAGHER & KENNEDY, P.A.

                                      By: */s/ Hannah H. Porter*
                                              Kevin E. O'Malley
                                              Hannah H. Porter
                                              Mark C. Dangerfield
                                              GALLAGHER & KENNEDY, P.A.
                                              2575 East Camelback Road
                                              Phoenix, Arizona 85016-9225
                                              *Attorneys for Petitioners*