No. 23-70179

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE TOMA, ET AL.,

*Petitioners*,

On Petition for a Writ of Mandamus to the United States District Court
for the District of Arizona, No. 2:22-CV-00509 (Bolton, J.)

**NON-U.S. PLAINTIFFS' MOTION TO STRIKE ARGUMENT
FIRST MADE IN REPLY OR, IN THE ALTERNATIVE
FOR LEAVE TO FILE A SUR-REPLY**

The leading argument in petitioners' reply in support of their mandamus petition—the argument offered in the reply's very first paragraph—is that a court faced with an effort to block discovery based on privilege must evaluate whether honoring the privilege would deny the other side information "vital" to its case. ECF 20 at 1 (citing *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc)). Petitioners then devote an entire subsection of their reply to that argument, a subsection titled "[t]he district court clearly erred by failing to evaluate whether the non-U.S. Plaintiffs were deprived of 'vital' information to prove the legislature's discriminatory intent." *Id.* at 12. But petitioners never made this argument—that the district court had to apply a "vital" test drawn from *Bittaker v. Woodford*— below: not in their brief to the district court addressing their privilege claim, D. Ct.

- 1 -

Dkt. 499; not in their subsequent motion requesting leave to file a second brief on the issue, D. Ct. Dkt. 506; not in their reply in support of that motion, D. Ct. Dkt. 508; not in their motion for a stay of the district court's discovery order, D. Ct. Dkt. 543; and not in their reply in support of that motion, D. Ct. Dkt. 547. The word "vital" appears in *none* of those filings, and the few of them that even cite *Bittaker* do so on different points (for example, that *Bittaker* held "that implied waiver prevents the use of privilege information 'as both a sword and a shield,'" D. Ct. Dkt. 543 at 6). Petitioners likewise did not make this argument in this Court prior to their mandamus reply: not in their emergency stay motion, ECF 2, not in their reply in support of that motion, ECF 5, and not in the mandamus petition itself, ECF 1. Again, none of those filings uses the word "vital," nor cites *Bittaker* for the test that petitioners' mandamus reply says the district court clearly erred in failing to apply.

Arguments not made below are forfeited on appeal. *E.g.*, *Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010). And even an argument made below is waived in this Court if it is first made in the reply. *E.g.*, *Vasquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013). Because petitioners did not make their *Bittaker*-based "vital" argument *either* in the district court or in their mandamus petition, it is doubly forfeited, and this Court should strike it or else make clear that the argument will not be considered.

In the alternative, plaintiffs request leave to file a sur-reply of no more than 1,000 words addressing petitioners' new argument. The rule that an argument first made in a reply is not considered exists because of the "obvious prejudice wrought" by "depriv[ing] opposing counsel of the opportunity … to show that the new theory lacks legal or factual support." *Kennedy v. Lockyer*, 379 F.3d 1041, 1063 (9th Cir. 2004) (quotation marks omitted). Granting plaintiffs leave to file a sur-reply would cure that prejudice—and provide this Court with the benefit of adversarial briefing on the new argument.

## CONCLUSION

The Court should strike or not consider the argument in petitioners' reply that "[t]he district court clearly erred by failing to evaluate whether … Plaintiffs were deprived of 'vital' information to prove the legislature's discriminatory intent," ECF 20 at 12; *see also id.* at 1, 12-14. In the alternative, the Court should grant plaintiffs leave to file a sur-reply of no more than 1,000 words addressing only that argument.*

---

* Plaintiffs also note that petitioners' 21-page reply contains 4,870 countable words, according to the certificate of compliance. Petitioners state (ECF 20 at 22) that no rule provides a word limit for mandamus replies, and they imply that the limit they selected for themselves was the limit for mandamus petitions and responses. But the rules consistently limit replies to half the length of the corresponding principal filings (here, mandamus petitions and responses). *See* Fed. R. App. P. 28.1(e)(2)(C), 32(a)(7)(B)(ii); Cir. R. 28.1-1(d), 32-1(b); *cf.* Fed. R. App. P. 29(a)(5) (amicus briefs are limited to half the length of principal-party briefs). And this Court's Rules 21-2(c) and 32-3 limit those petitions and

October 26, 2023                                         Respectfully submitted,

/s/ Daniel S. Volchok

BRUCE SAMUELS                          SETH P. WAXMAN
JENNIFER LEE-COTA                      CHRISTOPHER E. BABBITT
PAPETTI SAMUELS WEISS                  DANIEL S. VOLCHOK
   MCKIRGAN LLP                      BRITANY RILEY-SWANBECK
16430 North Scottsdale Road            WILMER CUTLER PICKERING
Suite 290                                 HALE AND DORR LLP
Scottsdale, Arizona 85254              2100 Pennsylvania Avenue N.W.
(480) 800-3530                         Washington, D.C. 20037
bsamuels@pswmlaw.com                   (202) 663-6000
                                       daniel.volchok@wilmerhale.com

KELSEY QUIGLEY
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real
Suite 400
Palo Alto, California 94306
(650) 858-6000
kelsey.quigley@wilmerhale.com

*Counsel for the Democratic National Committee and the Arizona Democratic Party*[**]

---

responses to 8,400 words or 30 pages. The limit for petitioners' reply therefore should be 4,200 words or 15 pages—which they substantially exceeded.

[**] All non-U.S. plaintiffs join in this opposition.

## CERTIFICATE OF COMPLIANCE

The foregoing motion complies with the applicable provisions of both the Federal Rules of Appellate Procedure and this Court's rules in that: (1) according to the word-count feature of the word-processing system used to generate the opposition (Microsoft Word), the motion contains 723 words, excluding the portions exempted from the count by the rules, and (2) the motion has been prepared in a proportionally spaced typeface using Times New Roman 14-point font.

/s/ Daniel S. Volchok
DANIEL S. VOLCHOK