**FILED**

NOV 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: BEN TOMA, Speaker of the Arizona House of Representatives, in his official Capacity; WARREN PETERSEN, President of the Arizona Senate, in his official capacity, _____ BEN TOMA, Speaker of the Arizona House of Representatives, in his official capacity; WARREN PETERSEN, President of the Arizona Senate, in his official capacity,               Petitioners, v. UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA, PHOENIX,               Respondent, MI FAMILIA VOTA; et al.,               Real Parties in Interest. | No. 23-70179 D.C. No. 2:22-cv-00509-SRB MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Petition for Writ of Mandamus

Argued and Submitted November 16, 2023
Pasadena, California

Before: RAWLINSON, HURWITZ, and OWENS, Circuit Judges.

Petitioners Ben Toma and Warren Petersen (collectively, Petitioners) intervened as defendants in an action challenging Arizona H.B. 2243 and H.B. 2492 (Voting Laws), and invoked their privilege after receiving Plaintiffs' discovery requests. The district court found that Petitioners "waived their [legislative] privilege by intervening to fully defend the Voting Laws and putting their motives at issue."

Petitioners now seek the issuance of a writ of mandamus compelling the district court to withdraw its discovery order requiring them to produce certain communications and to submit to depositions. We have jurisdiction under 28 U.S.C. § 1651, and we deny the petition.

Mandamus is a "drastic" remedy reserved for "extraordinary situations." *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654 (9th Cir. 1977) (citations omitted). A petitioner must demonstrate that the "right to issuance of the writ is clear and indisputable." *Bozic v. U.S. Dist. Ct.* (*In re Bozic*), 888 F.3d 1048, 1052 (9th Cir. 2018) (citation and internal quotation marks omitted).

2

We consider five factors when examining a petition for issuance of a writ of mandamus: whether (1) Petitioners have "no other adequate means, such as a direct appeal, to attain the relief . . . desire[d]"; (2) Petitioners "will be damaged or prejudiced in a way not correctable on appeal"; (3) the "district court's order is clearly erroneous as a matter of law"; (4) the "order is an oft-repeated error, or manifests a persistent disregard of the federal rules"; and (5) the "order raises new and important problems, or issues of law of first impression." *Bauman*, 557 F.2d at 654-55 (citations omitted). While all five factors are not required to be met, "the absence of factor three . . . will always defeat a petition for mandamus." *Sussex v. U.S. Dist. Ct.* (*In re Sussex*), 781 F.3d 1065, 1071 (9th Cir. 2015), *as amended* (citation omitted).

The district court did not clearly err in determining that Petitioners waived their legislative privilege by voluntarily intervening and putting their intent at issue by denying Plaintiffs' allegations. "Clear error is a highly deferential standard of review. . . ." *Van Dusen v. U.S. Dist. Ct.* (*In re Van Dusen*), 654 F.3d 838, 841 (9th Cir. 2011) (citations and internal quotation marks omitted). "[W]e must have a definite and firm conviction that the district court's interpretation was incorrect." *Id.* (citation, alteration, and internal quotation marks omitted). There is no precedent in this circuit resolving the issue of whether Petitioners' voluntary

involvement in Plaintiffs' action resulted in a waiver of their legislative privilege. "Because no prior Ninth Circuit authority prohibited the course taken by the district court, its ruling is not clearly erroneous. . . ." *Morgan v. U.S. Dist. Ct.* (*In re Morgan*), 506 F.3d 705, 713 (9th Cir. 2007).

To the extent Petitioners contend that the requested discovery is not relevant, the district court did not explicitly rule on that separate issue. In any event, an order about the relevance of proposed discovery is not normally a ruling that would warrant the extraordinary relief of mandamus.

**PETITION DENIED.**